JS-6

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:17-cv-678-JLS-JDEx | Date: July 31, 2017 |
| Title: Henry Mauriss, et al. v. JPMorgan Chase Bank, N.A., et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                   Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 16)

Before the Court is a Motion to Remand filed by Plaintiff Henry Mauriss. (Mot., Doc. 16.) Defendant JPMorgan Chase Bank, N.A. opposed the Motion, and Mauriss has not filed a reply. (Opp., Doc. 22.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for August 4, 2017, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court GRANTS Mauriss' Motion.

## I. BACKGROUND

Whether removal is proper is determined solely on the basis of the pleadings filed in state court, and any post-removal amendments to the pleadings do not affect whether a case was removable. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). Accordingly, the following factual allegations are taken from the complaint filed in state court.

In a Deed of Trust recorded on January 19, 2007, JPMorgan issued a promissory note for $450,000 to Mauriss secured with Mauriss' primary residence. (Compl. ¶ 8, Doc. 1-2.) Around June 2016, Mauriss fell behind on his mortgage payments due to the economic hardship caused by his wife's kidney transplant and changes to his income at

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-678-JLS-JDEx                                         Date: July 31, 2017
Title: Henry Mauriss, et al. v. JPMorgan Chase Bank, N.A., et al.

his place of employment. (*Id.* ¶ 9.) Around September 21, 2016, Mauriss received a loan modification package which he completed and submitted around September 25, 2016. (*Id.* ¶¶ 10–11.) JPMorgan never acknowledged or confirmed receipt of Mauriss' loan modification package, nor did it deny having received it. (*Id.* ¶ 15.) In fact, despite Mauriss' repeated attempts to contact JPMorgan regarding his loan modification package, JPMorgan never communicated with Mauriss to review or confirm options to avoid foreclosure. (*Id.* ¶ 13–14, 19.) Instead, on December 20, 2016, JPMorgan, through MTC Financial, recorded a Notice of Default with the County Clerk. (*Id.* ¶ 21.)

On March 13, 2017, Mauriss filed the instant action in Orange County Superior Court against JPMorgan for (1) violation of the Homeowner's Bill of Rights, (2) unfair business practices, (3) breach of the implied covenant of good faith and fair dealing, and (4) negligence. (*See id.*) On April 13, 2017, JPMorgan removed the action to this Court on the grounds of diversity jurisdiction. (Notice of Removal, Doc. 1.)

Mauriss now moves to remand the action.

## II. LEGAL STANDARD

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Whether removal is proper is determined solely on the basis of the pleadings filed in state court, and any post-removal amendments to the pleadings do not affect whether a case was removable. *Williams*, 471 F.3d at 976. Once a case has been properly removed,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-678-JLS-JDEx                                   Date: July 31, 2017
Title: Henry Mauriss, et al. v. JPMorgan Chase Bank, N.A., et al.

the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. *Id.* at 977.

However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B). Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (quotation marks omitted).

### III. **DISCUSSION**

The primary dispute between the parties is whether the amount-in-controversy requirement is met for diversity jurisdiction. Mauriss argues that neither the loan amount nor the appraised value of his home is the proper measure for the amount in controversy because he is not seeking rescission of the loan or quiet title, but other relief under state-law claims. (Mem. at 4, Doc. 16.) JPMorgan asserts that Mauriss' request for injunctive

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:17-cv-678-JLS-JDEx | Date: July 31, 2017 |
| Title: Henry Mauriss, et al. v. JPMorgan Chase Bank, N.A., et al. | |

relief is a sufficient basis for the Court to look to the amount of Mauriss' loan or the value of his home for the amount-in-controversy. (Opp. at 5–7.)

The Court recently addressed this issue in *Tripp v. Nationstar Mortgage LLC*, No. 8:16-cv-1414-JLS-DFMx, 2017 WL 354848 (C.D. Cal. Jan. 24, 2017). In *Tripp*, the Court concluded that where a plaintiff makes clear in his complaint that his ultimate object is a loan modification, the amount in controversy is not the entire amount of the loan or the value of the underlying property. *See id.* at *3. Where the injunction would only delay foreclosure proceedings pending consideration of a loan modification package or compliance with statutory requirements, the amount-in-controversy "is similar to the costs at issue in unlawful detainer actions . . . *i.e.*, the rental value of the properties at issue." *Id.* (citation omitted).

Like the plaintiff in *Tripp*, Mauriss makes clear in his complaint that what he sought from JPMorgan was a loan modification. (*See* Compl. ¶¶ 9–24.) Nowhere in his complaint does Mauriss request rescission of the loan or quiet title to the property. Rather, Mauriss seeks injunctive relief and damages flowing from JPMorgan's failure to comply with its legal obligations during the loan modification process. (*See id.* ¶¶ 34–35, 46–47, 57–59, 63–64, 71–72, 79–80, 88, 115–16.) Because Mauriss seeks injunctive relief under the Homeowner's Bill of Rights, any such relief would be limited to the time that it takes for JPMorgan to correct and remedy any statutory violations. *Tripp*, 2017 WL 354848, at *3 (citing Cal. Civ. Code §§ 2924.12(a), 2924.19(a)). Like the defendant in *Tripp*, JPMorgan fails to make any showing that the costs of a temporary injunction, even with attorneys' fees and costs included, would exceed $75,000. Nor does JPMorgan show that the damages Mauriss seeks meets the amount-in-controversy requirement.

Accordingly, the Court GRANTS Mauriss' Motion to Remand.

//
//
//
//
//

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-678-JLS-JDEx                              Date: July 31, 2017
Title: Henry Mauriss, et al. v. JPMorgan Chase Bank, N.A., et al.

## V.     CONCLUSION

   For the foregoing reasons, Tripp's Motion to Remand is GRANTED.  The Court therefore REMANDS this matter to the Superior Court of California in Orange County (30-2017-00908210-CU-OR-CJC) and VACATES all motions and scheduled dates.


                                                             Initials of Preparer:  tg